# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE JAMES OTIS ATKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>DERRAL G. ADAMS, et al.,<br><br>        Defendants. | 1:13-cv-00697-BAM (PC)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 8)<br><br>THIRTY-DAY DEADLINE |

### I.    Screening Requirement and Standard

Plaintiff Eddie James Otis Atkins ("Plaintiff") is former state a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 13, 2013. Plaintiff's first amended complaint, filed on June 6, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
2  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,
3  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65
4  (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge
5  unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
6  (internal quotation marks and citation omitted).

7       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
8  liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,
9  342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially
10 plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each
11 named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949
12 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.
13 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere
14 consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at
15 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

16     **II.    Plaintiff's Allegations**

17      Plaintiff is a former state prisoner. The events alleged in the complaint occurred while
18 Plaintiff was housed at Corcoran State Prison. Plaintiff names the following defendants: (1)
19 Derral G. Adams, Warden; (2) A. Musleh, Correctional Officer; (3) Rubbacaba, Correctional
20 Officer; and (4) Tendle, Correctional Officer.

21      Plaintiff alleges as follows: On July 31, 2009, Plaintiff and his cellmate Matthews were
22 on the SHU Hard Yard. Defendants Rubbacaba and Tendle allowed inmates to come into the
23 Hard Yard Sally Port to receive their medication. An inmate named Jake Marchesano started to
24 stab Plaintiff's cellmate several times with a weapon from the streets. Plaintiff tried to stop the
25 suspect and was stabbed in his right lower stomach.

26      After the incident, the yard was ordered down. Plaintiff and his cellmate were rushed to
27 the hospital with multiple stab wounds and infections and had to be hospitalized for up to five
28 days.

Prior to the yard, Defendant Musleh failed to supervise his floor staff. The floor staff did a poor job of searching Inmate Marchesano and he was purposely allowed to take a weapon on to the yard to stab Inmate Matthews.

Plaintiff's cellmate Matthews was the prime target because of a previous beef that took place in the general population. Inmate Marchesano was allowed to come onto the yard to do what he did, the weapon was given to him by a correctional officer, and the camera on the yard was off.

Plaintiff believes that he and his cellmate were the targets because they are both homosexuals. Defendants Rubbacaba and Tendle were tower officers at the time of the incident. They knew the incident was staged and failed to react to the violence that took place.

Defendant Adams, the Warden at the time, ignored the fact that the incident took place even after Plaintiff wrote a grievance.

Defendant Adams and Musleh failed to train and supervise officers under their watch. Officers unreasonably disregarded an excessive risk to Plaintiff's safety even though he was under protective custody.

At the time of the amended complaint, Plaintiff was on Inmate Marchesano's enemy chrono list, but housed in the same institution and building.

Defendants Rubbacaba and Tendle were negligent in their duties. Defendant Musleh failed to identify and correct his officers' conduct. Plaintiff also contends that officers failed to intervene fast enough.

Plaintiff asserts causes of action for violation of the Eighth Amendment and for violation of the Due Process Clause of the Fourteenth Amendment.

**III.     Discussion**

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678

(citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. <u>Id.</u>; <u>see also</u> <u>Twombly</u>, 550 U.S. at 556–557; <u>Moss</u>, 572 F.3d at 969.

Plaintiff's complaint is filled with conclusory statements.  For example, Plaintiff states that officers knew the incident was staged, but does not provide any factual information to support this conclusion.  If Plaintiff elects to amend his complaint, he must set forth factual allegations against each named defendant sufficient to state a claim.

**B.  Supervisory Liability**

To the extent Plaintiff seeks to hold Defendants Adams and Musleh (or any other defendant) liable based upon their supervisory positions, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. <u>Iqbal</u>, 556 U.S. at 676–77; <u>Simmons v. Navajo County</u>, <u>Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>accord</u> <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-06 (9th Cir. 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark County School Board of Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged that Defendants Adams and Musleh knew of the alleged violations before they occurred and failed to act to prevent them.  Plaintiff also has not alleged that Defendants Adams and Musleh participated in or directed the violations.

**C.  Due Process**

Plaintiff complains of a violation of his due process rights because of the stabbing incident.

"Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more

4

generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir.1996) (citations, internal quotations, and brackets omitted), overruled on other grounds by Unitherm Food Systems, Inc. v. Swift–Eckrick, Inc., 546 U.S. 394, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

Here, Plaintiff's cause of action is encompassed in his Eighth Amendment failure to protect claim as discussed below and "not the more generalized notion of substantive due process." Patel, 103 F.3d at 874.

**D.  Eighth Amendment – Failure to Protect**

Plaintiff alleges that Defendants Adams, Musleh, Rubbacaba, and Tendle failed to protect him from being stabbed by Inmate Marchesano.

Under the Eighth Amendment, "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks and citation omitted). However, "not ... every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)), and that the prison official was deliberately indifferent to the risk of harm, id. at 837. To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Here, Plaintiff has not set forth sufficient factual allegations to establish that any of the defendants knew that Plaintiff faced a substantial risk of serious harm from Inmate Marchesano. Rather, Plaintiff alleges that his cellmate, Inmate Matthews, was the prime target of the attack, not Plaintiff.  Plaintiff also alleges that it was not until he attempted to intervene that he was stabbed by Inmate Marchesano.

Plaintiff also includes conclusory allegations that inmates were not properly searched, correctional officers provided the weapon, that the yard camera was turned off and that the incident was staged.  However, Plaintiff has not included any factual allegations to support his conclusory statements.

To the extent that Plaintiff bases his claim on the failure of Defendants to intervene sooner, Plaintiff also fails to provide sufficient facts to support any such claim.  There is no indication that Defendants were in a position to stop the attack.  There also is no information regarding how long it took officers to respond to the alleged stabbing.

Plaintiff will be given leave to cure these deficiencies.

### IV.     Conclusion and Order

Plaintiff's first amended complaint fails to state any cognizable claims.  As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint is dismissed for failure to state a cognizable claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **March 7, 2014**                              /s/ *Barbara A. McAuliffe*    
                                                      UNITED STATES MAGISTRATE JUDGE